**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GEOFFREY A. DAVIS,**

        **Plaintiff,**                            **Civil Action 2:07-CV-1198
Judge Frost**
    **vs.**                                            **Magistrate Judge King**

**CITY OF MARIETTA,** *et al.*,

        **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action under 42 U.S.C. §1983, alleging that his criminal sentence violates his constitutional rights. This matter is before the Court on the initial screen of the complaint required by 28 U.S.C. §§1915(e), 1915A.

Plaintiff alleges that he was originally sentenced in 2005 pursuant to Ohio's sentencing guidelines. On appeal, the sentence was vacated and the matter remanded for re-sentencing.[1] Plaintiff complains that, on remand, the same sentence was imposed. Plaintiff claims that he has thereby been denied his constitutional rights to due process, equal protection and trial by jury. Plaintiff names as defendants his sentencing judge and the prosecuting attorney; he also names a Washington County Commissioner and the Mayor of Marietta, alleging that the latter

---

[1] On February 27, 2006, the Ohio Supreme Court held that portions of Ohio's Sentencing Guidelines were unconstitutional. *State v. Foster,* 109 Ohio St. 3d 1 (2006). The Court concluded that the appropriate remedy was to remand affected cases for re-sentencing by "courts with full discretion to impose a prison term within the basic ranges of R.C. §2929.14(A) based on a jury verdict or admission of the defendant without the mandated jurisdictional findings that *Blakely* prohibits." *Id.,* at 30. Significantly, the Ohio Supreme Court commented that, upon re-sentencing, "defendants may argue for reduction in their sentences, [but] nothing prevents the state from seeking greater penalties." *Id.*

two defendants "allow[ed] the repeated transgressions of constitutional rights." *Complaint,* at p.5.  Plaintiff seeks monetary damages.

For the following reasons, it is recommended that the complaint be dismissed.

Where an inmate seeks to challenge his sentence, his sole federal remedy is an action for a writ of habeas corpus under 28 U.S.C. §2254.  *Preiser v. Rodriguez,* 411 U.S. 475 (1973).  The laws governing a petition for a writ of habeas corpus require that claims have been fully exhausted in state courts prior to resort to federal court; *Id.,* 28 U.S.C. §2254(b).  It does not appear that plaintiff has presented his federal claim to Ohio's state courts prior to filing this action. Moreover, until plaintiff establishes that his criminal sentence has been vacated or set aside, this Court cannot entertain his demand for monetary damages.  *See Heck v. Humphrey,* 512 U.S. 477 (1994).

Moreover, judges and prosecutors are absolutely immune from liability for monetary damages in connection with their judicial and prosecutorial actions, respectively.  *Mireles v. Waco,* 502 U.S. 9 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976).  The *Complaint* therefore fails to state a colorable claim against defendants Boyer and Schneider.

Finally, it does not appear that defendants Cook and Mullen, a county commissioner and mayor respectively, participated in any respect in plaintiff's sentencing.

For all these reasons, it is **RECOMMENDED** that plaintiff's *Complaint* be dismissed and that the Court certify that an appeal would not be taken in good faith.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically

designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 4, 2007                             *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge