**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GEOFFREY A. DAVIS,**

       **Plaintiff,**                               **Civil Action 2:07-CV-1198**
                                                       **Judge Frost**
    **vs.**                                                      **Magistrate Judge King**

**CITY OF MARIETTA,** *et al.***,**

       **Defendants.**

**OPINION AND ORDER**

       Plaintiff, a state prisoner, brings this action under 42 U.S.C. §1983, alleging that his criminal sentence violates his constitutional rights. Plaintiff specifically alleges that he was originally sentenced in 2005 pursuant to Ohio's sentencing guidelines. On appeal, the sentence was vacated and the matter was remanded for re-sentencing. On remand, the same sentence was imposed. Plaintiff alleges that he has been denied his constitutional rights to due process, equal protection and trial by jury. The *Complaint* names as defendants plaintiff's sentencing judge and the prosecuting attorney.[1] Plaintiff seeks only monetary damages.

       On December 4, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the *Complaint* be dismissed. *Report and Recommendation,* Doc. No. 5. This matter is now before the Court on plaintiff's objections to the *Report and Recommendation,* which the Court will consider *de novo.* 28 U.S.C. §636(c).

---

[1] The *Complaint* also names a Washington County Commissioner and the Mayor of Marietta as defendants, alleging that these defendants "allow[ed] the repeated transgressions of constitutional rights." *Complaint,* at p.5. The *Report and Recommendation* reasoned that the claims against these defendants should be dismissed because "it does not appear that ... [those defendants] participated in any respect in plaintiff's sentencing." *Report and Recommendation,* at 2. Plaintiff does not challenge this portion of the *Report and Recommendation.*

This case arises out of *State v. Foster,* 109 Ohio St.3d 1 (2006), in which the Ohio Supreme Court held that portions of Ohio's Sentencing Guidelines were unconstitutional. That court specifically concluded that the appropriate remedy was to remand affected cases for re-sentencing by "courts with full discretion to impose a prison term within the basic ranges of R.C. §2929.14(A) based on a jury verdict or admission of the defendant without the mandated jurisdictional findings that *Blakely* [*v. Washington,* 542 U.S. 296 (2004)] prohibits." *Id.,* at 30.

In her *Report and Recommendation,* the Magistrate Judge read the *Complaint* as focusing on the sentence reimposed following remand. The *Report and Recommendation* reasoned that, unless and until plaintiff establishes that his new sentence has been vacated or set aside, he cannot proceed on a claim for monetary damages under 42 U.S.C. §1983 in connection with that resentence. *Report and Recommendation,* at 2, citing *Heck v. Humphrey,* 512 U.S. 477 (1994). In his objections, plaintiff now appears to base his claim on his original sentence, which was reversed by the state courts pursuant to *Foster.* That claim, as now clarified by plaintiff, may be entertained by this Court because the challenged original sentence has been vacated and therefore satisfies the standards of *Heck v. Humphrey, supra.*

However, the *Report and Recommendation* also concluded that the defendant sentencing judge and prosecuting attorney are absolutely immune from liability for monetary damages in connection with their judicial and prosecutorial actions. *Report and Recommendation,* at p.2, citing *Mireles v. Waco,* 502 U.S. 9 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976). Plaintiff challenges this conclusion as well. Plaintiff specifically

takes the position that the defendant sentencing judge departed from her judicial role because, in making certain factual findings at plaintiff's original sentencing proceeding, she intruded on the province of the jury. *Objections,* at p. 3, Doc. No. 7.

The imposition of sentence is unquestionably a judicial function for which a state court judge is entitled to absolute immunity from monetary liability, even if the sentence is later determined to be improper. *See Stump v. Sparkman,* 435 U.S. at 360 (an act is "judicial" if it is one normally performed by a judicial officer and if the parties deal with the judge in her judicial capacity). *See also Sadoski v. Mosley,* 435 F.3d 1076, 1079 (9th Cir.), *cert. denied,* 126 S.Ct. 2864 (2006) (a judge who sentences in excess of jurisdiction is nevertheless entitled to absolute immunity). Plaintiff's objection in this regard is without merit.

Plaintiff does not expressly challenge the reasoning of the Magistrate Judge in concluding that the defendant prosecutor is likewise vested with absolutely immunity from monetary liability; however, plaintiff complains that the defendant judge took action "by virtue of a mutual understanding with" the defendant prosecutor. *Objection,* at p.4, Doc. No. 7. To the extent that plaintiff seeks to pursue a claim for monetary liability against the defendant prosecutor, by reason of his participation as a prosecutor in plaintiff's sentencing procedure, this Court agrees that the defendant is entitled to the absolute immunity ordinarily conferred upon prosecuting authorities under such circumstances.

In sum, plaintiff's objections to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is **ADOPTED** and

3

**AFFIRMED.** This action is hereby **DISMISSED.** The Clerk shall enter **FINAL JUDGMENT** in this action. Moreover, the Court concludes that an appeal by plaintiff would not be taken in good faith.

The Clerk shall mail a copy of this *Opinion and Order* to plaintiff as well as to all named defendants.

    /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge